# Carpenter, Appellant, *v.* City of Lancaster.

*Eminent domain—Municipalities—Streets—Opening of street—Damages—Construction of sewer.*

The appropriation of the land of private owners by a city for street purposes, includes the use of that land for all of the ordinary requirements of a municipality, such as the construction of sewers and the laying of gas and water pipes, and the subsequent use of the street for any such purpose cannot be regarded as the imposition of an additional servitude entitling the owner of the

fee to additional compensation beyond that received for the opening of the street.

Argued May 17, 1915. Appeal, No. 72, Jan. T., 1914, by plaintiff, from judgment of C. P. Lancaster Co., Jan. T., 1911, No. 22, on verdict for defendant by direction of the court in the case of Henry Carpenter v. City of Lancaster. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from award of viewers appointed to assess damages for the construction of a sewer. Before HASSLER, J.

The opinion of the Supreme Court states the case.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned* was in giving binding instructions for the defendant.

*John A. Nauman*, with him *W. U. Hensel*, for appellant.

*Bernard J. Myers*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 3, 1915:

This was an issue to determine what damages, if any, the plaintiff suffered by reason of the construction of a sewer on the line of Susquehanna street in the City of Lancaster. It appears that the city exercised its power of eminent domain to open Susquehanna street through the land of the plaintiff. Damages for the opening of the street were duly assessed and awarded, and as we were informed at the argument, these damages have been paid. The City of Lancaster also constructed a sewer on Susquehanna street, and for this the plaintiff sought, in this separate proceeding, to recover additional damages. The court below rightfully held that

the plaintiff was not entitled to anything upon this account, as the damages which were awarded to him for the land occupied by the street, covered the use of the same ground for the construction of a sewer.   The appropriation of the land for street purposes, included the use of that land for all the ordinary requirements of a municipality, such as the construction of sewers, and the laying of gas and water pipes.   The use of the street for any such purpose cannot be regarded as the imposition of an additional servitude, entitling the owner of the fee to additional compensation.   The construction of a sewer, is one of the well recognized uses to which a street may properly be put, and such a use must be deemed to have been contemplated when the damages were assessed for the taking of the land for street purposes.   We do not see anything in this case, to take it out of the operation of the usual rule.

The assignments of error are overruled, and the judgment is affirmed.